IN THE FEDERAL DISTRICT COURT FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

        Plaintiff,

vs.                                                          CASE NO. CR 07-157-SLR

PHILIP GRAHAM,

        Defendant.

---

MOTION TO DISMISS FOR STATUTORY VAGUENESS

PHILIP GRAHAM respectfully requests an order from this honorable court dismissing the indictment against him as 18 U.S.C. 2252A is unconstitutionally vague as applied to him for the reasons set forth in the attached brief.

                                                                                       /s/
                                                             Clayton A. Sweeney, Jr.

                                                             DE Bar No. 3359
                                                             PO Box 55441
                                                            Philadelphia PA 19127-5440

                                                            (215) 509-1012
                                                           (215) 509-1013 (f)
                                                           clayt2@verizon.net

**PENDING ADMISSION**
**PRO HAEC VICE**
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

1

LAW AND EXPLANATION

18 U.S.C. 2252A is unconstitutional as applied to Graham because he lacked (and lacks) the capacity to know whether the indicted items were constitutionally protected or not.

Graham is charged with a violation of 18 U.S.C. 2252A which reads in pertinent part:

"(a) Any person who—

(1) **knowingly** mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography…." (Emphasis added).

The mental state of this crime is knowingly or knowledge. It is not belief, having reason to believe, hoping, wishing, etc. As will be shown at a hearing on this motion, Graham lacks the capacity to know whether the indicted items were the type that are violative of 18 U.S.C. 2252A versus those that are constitutional protected.

Vagueness Standard

"Laws that are insufficiently clear are [unconstitutional and] void….*to avoid punishing people for behavior that they could not have known was illegal*…and…to avoid any chilling effect on the exercise of sensitive First Amendment freedoms." (United States v. Williams, 444 F.3d 1286, 1305-06 (11th Cir. 2006)) (Emphasis added). A statute is **vague** if it punishes people for behavior they could not have know was illegal. (Id). A statute is **overbroad** if it chills the exercise of First Amendment freedoms. (Id).

Constitutionally Protected Items versus Not Constitutionally Protected Items

Possession of images that merely "appear to be" contraband by visual examination is a "First Amendment freedom" as described in Williams. (Ashcroft v. Free Speech Coalition 535 U.S. 234, 122 S.Ct. 1389). 18 U.S.C. 2252A cannot prohibit the possession of those items.

(<u>Free Speech Coalition</u>).  The more realistic looking the "appears to be" images are the more deserving of First Amendment protection.  "Protected speech does not become unprotected merely because it resembles the latter.  The Constitution requires the reverse."  (Id. at 1404).  "[T]he possible harm to society in permitting some unprotected speech to go unpunished is outweighed by the possibility that protected speech of others may be muted ...."  (<u>Broadrick v. Oklahoma</u>, 413 U.S., at 612, 93 S.Ct. 2908).

  The possession of images that merely "appear to be" contraband by visual examination **and** depict an actual minor engaged in the conduct depicted is not constitutionally protected.  The possession of such items is only illegal if the possessor **knows** the items are contraband.  (18 U.S.C. 2252A).

  "[Constitutionally protected and contraband] images…are typically circulated through the Internet."  (<u>Williams</u>).  As repugnant as the right may be, citizens are entitled to seek out and possess images that "appear to be" contraband.  (<u>Free Speech Coalition</u>).

  Graham lacks the capacity to distinguish between constitutionally protected images and those that are not, therefore, 18 U.S.C. 2252A is unconstitutionally vague as applied to him.  (<u>Williams</u>).

  This lack of capacity can be established via testimony, evidence and reference to digital image exhibits at an evidentiary hearing on this motion.  That presentation by Graham is constrained consistent with his arguments in his motion to dismiss for Fair Trial violation.  The arguments of that motion are incorporated here as if fully re-written.

<u>Image indistinguishability</u>

Various other courts, experts and commentators have determined altered and unaltered digital images are indistinguishable by visual examination.

Digital images are easier to manipulate than traditional photographs and digital manipulation is more difficult to detect. (10 Wash. U.J.L. & Pol'y 267 (2002).

The legal community has recognized the fact that digital images are much more easily manipulated than traditional photographs for more than ten years. Computers can alter a [digital image] beyond recognition with detection nearly impossible. (A <u>Picture is Worth a Thousand Lies</u>, (1992), 18 Rutgers Computer & Tech. L.J. 365.). Thus, it is impossible to determine which image is a first generation image and is therefore the "original." (<u>Can Juries Really Believe What They See? New Foundational Requirements for the Authentication of Digital Images.</u> (2002) 10 Wash. U. J.L. & Pol'y 267.

The 11th Circuit has recognized the problem of image indistinguishability. The <u>Williams</u> court expressed particular concern that "liability [for a violation of 18 U.S.C. 2252, et seq] can be established based purely on…the deluded belief that real children are depicted [in otherwise legal images]." (<u>Williams</u> at 10).

The federal government conceded in <u>Free Speech Coalition</u> that constitutionally protected images are indistinguishable from those that are not constitutionally protected. "[Legal images]…are indistinguishable from [illegal] ones; they are part of the same market and are often exchanged." (<u>Free Speech Coalition</u> at 1404).

The U.S. Supreme Court recognized the problem Graham faced in attempting to determine whether the charged items were constitutionally protected or not. "[T]he evidentiary

burden is not trivial. Where the defendant is not the producer of the work, he *may have no way* of establishing the identity, or even the existence, of the actors." (Free Speech Coalition at 1404). (Emphasis added). The court further pointed out that even the original producer of the "appears to be" image", if they could be located, may not have records establishing the constitutionally protected nature of the image.

"[T]he producers [of constitutionally protected images] may not have preserved the records necessary to [establish they are constitutionally protected]. Failure to establish [they are constitutionally protected] can lead to a felony conviction." (Id). If merely looking at the charged items was sufficient to establish their constitutionally protected nature (or not), there is no need for a producer to "preserve records" as a means to establish either fact.

Whether the government can actually determine that the indicted items are not constitutionally protected through investigation is irrelevant to the issue of this motion. Visual examination is the only means Graham had then and has now to determine whether the charged items are constitutionally protected or not. No software, hardware or other tool or method was available to Graham to enable him to know if the charged items were constitutionally protected or not.

This assignment of error is not about whether the indicted items are constitutionally protected or not. Therefore, no factual information was necessary to rule upon this motion.

Even were Graham an **expert in digital imaging**, he would still lack the capacity to know whether a given digital image is constitutionally protected or not.

In U.S. v. Frabizio (August 11, 2006) 2006 WL 2384836 (D.Mass) the government's leading digital imaging expert **admitted** that he lacked the capacity to determine whether a

5

digital image was constitutionally protected or not. Following that testimony, the court found the government's leading digital imaging expert from the FBI, Thomas Musheno, could not meet any of the Daubert standards nor anything equivalent to them. (Id). It excluded him from the case based upon his admission regarding his lack of capacity.

The Frabizio court addressed the "threshold question [of] whether visual observation is at all appropriate to the task at hand: distinguishing real images from virtual ones." (Id. at 2). The court concluded that "neither an expert witness *nor a lay jury*, using only visual means, can determine whether the images in this case are real or virtual to the level of certainty required in a criminal prosecution." (Id. at 2). (Emphasis added). At a pre-trial hearing, provided the ability to pursue and present the appropriate evidence, Graham would have established that he, like Musheno, lacks the capacity to determine whether a digital image is constitutionally protected or not. Once that lack of capacity is established, 18 U.S.C. 2252A is vague as applied to Graham.

There is no case decision, federal or state, in which any digital imaging expert witness has testified that mere possessors like Graham have the capacity to know whether a given digital image is constitutionally protected or not.

## CONCLUSION

18 U.S.C. 2252A is unconstitutionally vague as applied to Graham.  He lacks the capacity to know whether the charged items were constitutionally protected or not.  He is respectfully requesting that all counts of the indictment reliant upon the statute be dismissed.

/s/
Clayton A. Sweeney, Jr.

DE Bar No. 3359
PO Box 55441
Philadelphia PA 19127-5440

(215) 509-1012
(215) 509-1013 (f)
clayt2@verizon.net

**PENDING ADMISSION**
**PRO HAEC VICE**
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that one true and correct copy of the foregoing has been furnished to the Edmund Falgowski, Esquire., U.S. Attorney's Office, 1007 Orange Street, Suite 700 , P.O. Box 2046, Wilmington, DE 19899-2046 by filing through the CF/ECM electronic filing system this 31st day of March, 2008.

/s/

Clayton A. Sweeney, Jr.